**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| KIRK ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09CV57MLM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendant Michael J. Astrue, Commissioner of Social Security ("Defendant").[1] Doc. 10. Plaintiff filed a Response.[2] Doc. 14. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 6.

## I.
## STANDARD FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts

---

[1] By Order, dated February 11, 2010, the court converted a Motion to Dismiss filed by Defendant to a Motion for Summary Judgment. Doc. 11.

[2] The court granted Defendant leave to file a Reply out of time and ordered that Defendant's Reply was due April 19, 2010. Doc. 16. Defendant did not file a Reply. On April 19, 2010, however, Plaintiff filed a document titled "Plaintiff's Response to Defendant's Response to Plaintiff's Opposition to Defendant's Motion for Summary Judgment." Doc. 17.

that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn.& E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's motion.

## II.
## UNDISPUTED FACTS[3]

On August 18, 2008, an Administrative Law Judge ("ALJ") denied Plaintiff's applications for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. § § 401 et seq., and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§1381.[4] Def. Ex. A. In the letter informing Plaintiff of his decision, dated August 18, 2008, the ALJ stated that if Plaintiff disagreed with the ALJ's decision, he was entitled to file an appeal with the Appeals Council of the Social Security Administration within 60 days from the date Plaintiff received the notice of the ALJ's decision. The letter further instructed Plaintiff how to go about filing an appeal with the Appeals Council. The letter also instructed Plaintiff that he "should submit any new evidence [he] wish[ed] to the Appeals Council to consider with his request for review"; that, if Plaintiff did not file a request for review or if the Appeals Council did not review the ALJ's decision on its own, the ALJ's decision would be a final decision and Plaintiff would not have the right to a court review; that Plaintiff had "the right to file a new application at any time, *but filing a new application is not the same as appealing [the ALJ's] decision*"; that if Plaintiff disagreed with the ALJ's decision and he "file[d] a new application instead of appealing, [he] might lose some benefits, or not qualify for any benefits"; and that, therefore, if Plaintiff disagreed with the ALJ's decision, he "should file an appeal within 60 days." Def. Ex A at 6-8 (emphasis added). A copy of the ALJ's decision and the attached letter were mailed to Plaintiff's attorney. Def. Ex. A at 8.

---

[3] The facts are undisputed unless otherwise stated.

[4] According to the decision of the ALJ, a hearing and an supplemental hearing were held before the ALJ on March 27, 2008, and June 23, 2008, respectively. At both hearings Plaintiff was represented by counsel. Def. Ex. A at 9.

In a letter, dated May 5, 2009, addressed to Plaintiff, the Appeals Council stated that the request for review which Plaintiff filed was untimely. In particular, the May 5, 2009 letter stated that Plaintiff was required to file a request for review of the ALJ's decision within 60 days after he received the notice of the ALJ's decision; that Plaintiff filed a request for review of the ALJ's decision on November 24, 2008; that Plaintiff's request for review was due October 22, 2008; that Plaintiff's request for review was, therefore, untimely; that Plaintiff should send the Appeals Council a statement showing the reason he did not file a request for review within 60 days; and that, if Plaintiff showed good cause for filing late, the Appeals Council would extend the time period and find that Plaintiff's appeal was timely. Def. Ex. A at 22-24. A copy of the Appeals Council's May 5, 2009 letter was mailed to Plaintiff's attorney. Def. Ex. A at 24.

By letter, dated May 26, 2009, the Appeals Council denied Plaintiff's Request for Review. In its May 26, 2009 letter, the Appeals Council stated that it reviewed the additional evidence submitted by Plaintiff and the arguments of Plaintiff's attorney; that if Plaintiff disagreed with the action of the Appeals Council, he could "*ask for court review of the [ALJ's] decision by filing a civil action*"; that if Plaintiff did "not ask for court review, the [ALJ's] decision [would] be a final decision and [could] be changed only under special rules"; that Plaintiff could file a *civil action by filing a Complaint in the United States District Court* for the judicial district in which Plaintiff lived; that Plaintiff had "60 days to file a civil action (ask for court review)"; that the "60 days start[ed] the day after [Plaintiff] received [the Appeal Council's] letter"; that if Plaintiff could not file for review within 60 days, he could ask the Appeals Council to extend the time for him to file; that if he wanted to request more time to file for review, Plaintiff was required to mail his request to the Appeals Council at the address shown on the notice; and that, if Plaintiff had any questions, he could write, call, or

4

visit any Social Security office. Def. Ex. A at 16-18 (emphasis added). A copy of the Appeal Council's May 26, 2009 letter was sent to Plaintiff's attorney. Def. Ex. A at 18.

On July 10, 2009, Plaintiff filed an Application for Disability Insurance with the Social Security Administration. Plaintiff's application was denied on July 20, 2009. On September 11, 2009, Plaintiff requested review of the decision denying his July 10, 2009 application. His request for review was denied on September 22, 2009.

On November 19, 2009, Plaintiff filed the Complaint in the matter under consideration. In his Complaint, Plaintiff seeks review of the August 18, 2008 decision of the ALJ and of the September 22, 2009 decision of the Appeals Council. Doc. 1, ¶ 1A and B.

### III.
### APPLICABLE LAW and DISCUSSION

It is well settled that "[t]he United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan, 424 U.S. 392, 399 (1976) and United States v. Sherwood, 312 U.S. 584, 586-87 (1941)). Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may be obtained. Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 336 (1958). 41 U.S.C. § 405(g) and (h) provide the exclusive jurisdictional basis for judicial review of final decisions on claims arising under Title II and Title XVI. In particular, § 405(g) provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

20 C.F.R. § 422.210(a) also provides, in relevant part:

General. A claimant may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner.

20 C.F.R. § 422.210(c) further provides, in relevant part:

Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

As set forth above, § 405(g) provides that the Commissioner may allow further time to file for judicial review. Also, in Bowen v. City of New York, 476 U.S. 480, the Supreme Court ruled that the 60-day period specified in § 405(g) of the Act is a period of limitation which, in a rare case, can be tolled by the Commissioner or the courts. The Eighth Circuit has held that "'[g]enerally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent.'" Turner v. Bowen, 862 F.2d 708, 710 (8th Cir. 1988) (quoting Smith v. McClammy, 740 F.2d 925, 927 (11th Cir. 1984)). The court further stated that *equitable tolling had only been allowed in those cases where the government had hindered a claimant's attempts to exercise his or her rights* by acting in a misleading or clandestine way. Id.

Further, the Supreme Court has explained the purpose of statutes of limitations as follows:

Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes "promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them."

Burnett v. New York Cent. R. Co., 380 U.S. 424, 428 (1965) (quoting Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348-349 (1944)).

In regard to whether a statute of limitations should be equitably tolled, the Supreme Court held in Burnett, 380 U.S. at 427, that "[t]he basic question to be answered in determining whether, under a given set of facts, a statute of limitations is to be tolled, is one 'of legislative intent whether the right shall be enforceable ... after the prescribed time.'" (quoting Mid-state Horticultural Co. v. Pennsylvania R. Co., 320 U.S. 356, 360 (1943)).

In regard to the Appeals Council's May 26, 2009 denial of review of the ALJ's August 18, 2008 decision, Plaintiff did not file his Complaint in the District Court within the 60-day period required by § 405(g) of the Act nor did he ask the Appeals Council to grant him an extension of the time to file a civil action in the District Court. Thus, to the extent Plaintiff seeks judicial review of the August 18, 2008 decision of the ALJ, Plaintiff's Complaint filed on November 29, 2009, is untimely. Further, to the extent Plaintiff seeks judicial review of the denial of review of his July 10, 2009 application for benefits, Plaintiff did not exhaust his administrative remedies regarding that application.[5]

As stated above, equitable tolling is appropriate only in cases where it is based on conduct of the government. Turner, 862 F.2d at 710. In the matter under consideration, the government did nothing to mislead Plaintiff or to hinder his exercising his rights. In fact, the *Appeals Council clearly advised Plaintiff and his attorney of the 60-day requirement for filing a Complaint in the District Court*. Additionally, the *ALJ specifically told Plaintiff and his attorney that if Plaintiff filed a new*

---

[5] Social Security Regulations set forth the process of administrative review of the denial of benefits. In regard to review after the denial of benefits after reconsideration of the initial determination, a claimant may file a request for a hearing before an ALJ within 60 days after the date the claimant receives notice of the determination upon reconsideration. 20 C.F.R. § § 404.900(1)-(3), 404.933(b)(1).

7

*application for benefits rather than pursue the appeal process, Plaintiff could possibly lose the right to benefits; the ALJ advised against filing a new charge.* Nonetheless, Plaintiff chose to ignore the applicable appeal procedures and file a new application. Under such circumstances, the court finds that the purpose of the statute of limitations would be compromised were the court to equitably toll the statute in this matter. See Burnett, 380 U.S. at 428. As such, the court finds that the statute of limitations should not be equitably tolled; that there are no genuine issues of material fact; and that summary judgment should be granted in favor of Defendant. See City of New York, 476 U.S. at 480.

## CONCLUSION

For the reasons more fully set forth above, the court finds that Plaintiff's Complaint is untimely; that the statute of limitations should not be equitably tolled; that there are no genuine issues of material fact; and that, therefore, summary judgment should issue in favor of Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant is **GRANTED**; Doc. 11.

**IT IS FURTHER ORDERED** that a separate Judgment shall issue incorporating this Memorandum Opinion.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of April, 2010.